[Cite as *State v. Gosnell*, 2011-Ohio-4288.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :          C.A. CASE NO.    24213

v.                               :          T.C. NO.    10CR825

GAYLON J. GOSNELL               :          (Criminal appeal from
                                            Common Pleas Court)

    Defendant-Appellant        :

 

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___26th___ day of ___August___, 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. No. 0069300, 1250 W. Dorothy Lane, Suite 105, Kettering, Ohio 45409
      Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Gaylon Jerry Gosnell appeals his conviction and sentence in Case No. 2010 CR 825 for six counts of rape of a child under thirteen years of age, in violation of R.C. 2907.02(A)(1)(b), all felonies of the first degree; three counts of gross sexual imposition (GSI) of a child under thirteen years of age, in violation of R.C.

2907.05(A)(4), all felonies of the third degree; three counts of sexual battery, in violation of R.C. 2907.03(A)(5), all felonies of the third degree; one count of sexual imposition, in violation of R.C. 2907.06(A)(4), a misdemeanor of the third degree; and one count of contributing to the delinquency of a minor, in violation of R.C. 2919.24(A)(1), a misdemeanor of the first degree.

{¶ 2} Gosnell filed a timely notice of appeal on August 20, 2010.

I

{¶ 3} On March 29, 2010, Gosnell was charged by indictment with one count of rape of a child under ten years of age, twelve counts of rape of a child under thirteen years of age, six counts of GSI of a child under thirteen years of age, five counts of sexual battery, one count of sexual imposition, and one count of contributing to the unruliness or delinquency of a child.

{¶ 4} On July 20, 2010, Gosnell pled no contest to six counts of rape of a child under thirteen years of age, three counts of GSI of a child under thirteen years of age, three counts of sexual battery, one count of sexual imposition, and one count of contributing to the delinquency of a minor. The trial court subsequently found Gosnell guilty, and on August 19, 2010, sentenced him to an aggregate term of twenty years in prison. We note that the trial court ordered that the sentence imposed in Case No. 2010 CR 825 run concurrently with the sentence imposed in Case No. 2009 CR 4321, wherein Gosnell was found guilty of disrupting public services and domestic violence.

{¶ 5} It is from this judgment that Gosnell now appeals.

II

{¶ 6} Gosnell's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT FAILED TO MEET THE REQUIREMENTS OF CRIMINAL RULE 11(C)(2) AND FAILED TO ADVISE IN ITS DIALOGUE TO THE DEFENDANT THE MAXIMUM SENTENCE OF IMPRISONMENT THAT THE DEFENDANT WAS SUBJECT TO."

{¶ 8} In his sole assignment, Gosnell contends that his no contest pleas were rendered unknowing and involuntary because the trial court did not notify him of the "effect" of his pleas. Specifically, Gosnell argues that the trial court failed to notify him at the plea hearing of the maximum possible sentence that he could receive.

{¶ 9} Crim. R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim. R. 11(C)(2)(a).

{¶ 10} In order for a plea to be made knowingly and voluntarily, the trial court must follow the mandates of Crim. R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void. *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 11} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 243-44. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. The non-constitutional rights that a

defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); *State v. Philpott*, Cuyahoga App. No. 74392, citing *McCarthy v. U.S.* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Nero*, 56 Ohio St.3d at 108.

{¶ 12} A defendant who challenges his no contest plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *State v. Goens*, Montgomery App. No. 19585, 2003-Ohio-5402; Crim. R. 52(A). The test is whether the plea would have been otherwise made. Id.

{¶ 13} Upon review, the record of the plea hearing establishes that the trial court complied with Crim. R. 11(C)(2) after Gosnell acknowledged that he wished to plead no contest to the charged offenses pursuant to the plea agreement. The trial court informed Gosnell that he would be waiving his right to jury trial, his right to compulsory process of witnesses, his privilege against self-incrimination, and his right to confront his accusers. Additionally, Gosnell stated that he was not acting under duress nor did anyone threaten him or make any promises to him regarding his plea that were not stated in open court. The trial court thoroughly advised Gosnell of the effect of his no contest pleas, and he affirmatively stated that he understood the court's explanation.

{¶ 14} Moreover, the trial court advised Gosnell of the maximum penalty involved for each offense in Case. No. 2010 CR 825, to wit: Rape of child under

thirteen, F1, three to ten years in prison; GSI, F3, one to five in prison; Sexual Battery, F3, one to five years in prison; Contributing to the Delinquency of a Minor, M1, up to 180 days; and Sexual Imposition, M3, up to sixty days. The trial court also explained that it could order that each sentence be served concurrent to or consecutive to one another, and advised Gosnell of the difference between "concurrent" and "consecutive" sentences. Gosnell's responses to the trial court's questions establish that he had full knowledge of the "effect" and consequences of his no contest pleas.

{¶ 15} Gosnell, however, argues that he would not have entered a plea had he been made aware of the cumulative maximum term he was facing. Knowledge of the maximum total penalty is not constitutionally required for a knowing, intelligent, and voluntary plea. *State v. Johnson* (1988), 40 Ohio St.3d 130, 133. All that Crim. R. 11(C)(2)(a) requires is that the trial court explain to a defendant before it accepts his plea the nature of each charge and the maximum penalty for *each* charge involved. Id. In the instant case, the trial court clearly and unequivocally explained the nature and maximum prison term for each charge to which Gosnell plead no contest.

{¶ 16} Lastly Gosnell points out that the trial court did not inquire into his education and comprehension level during the plea hearing. Gosnell also asserts that the trial court failed to ascertain whether he was under the influence of any medication that may have adversely affected his ability to render a knowing and voluntary waiver of his rights. While the trial court may not have inquired into Gosnell's education level or whether he was under the influence of medication, the

court did substantially comply with all of the constitutional requirements set forth in Crim. R. 11(C)(2). In the absence of other evidence establishing that Gosnell was confused or did not understand, which the record of this plea hearing does not suggest, the record is sufficient to demonstrate that the trial court properly determined that he understood the nature and "effect" of the charges to which he plead no contest. *State v. Fisher*, Montgomery App. No. 23992, 2011-Ohio-629.

{¶ 17} Based on the record of the plea hearing, we conclude that the trial court did engage in a meaningful dialogue with Gosnell, and did properly advise him of the maximum penalty for each offense to which he was pleading no contest. Accordingly, we find that the trial court complied with Crim. R. 11(C)(2), and that Gosnell made a voluntary, knowing, and intelligent waiver of his constitutional rights. Thus, the trial court did not err when it accepted Gosnell's no contest pleas.

{¶ 18} Gosnell's sole assignment of error is overruled.

III

{¶ 19} Gosnell's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and VUKOVICH, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Johnna M. Shia
William T. Daly

Hon. Dennis J. Langer