[Cite as *State v. Knox*, 2015-Ohio-4198.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| STATE OF OHIO | : |
| | :     Appellate Case No. 25774 |
|       Plaintiff-Appellee | : |
| | :     Trial Court Case No. 2013-CR-540 |
| v. | : |
| | :     (Criminal Appeal from |
| CHRISTOPHER J. KNOX | :      Common Pleas Court) |
| | : |
|       Defendant-Appellant | : |
| | : |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of October, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Re. No. 0074057, 120 West Second Street, 400 Liberty Tower, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Christopher Knox, defendant-appellant, appeals from his convictions and sentences, following guilty pleas, for 21 counts of Burglary , one count of Possession of

Criminal Tools, and one count of Receiving Stolen Property. Knox contends that his plea was not intelligently made, because the trial court failed to inform him that post-release control was mandatory. Knox also contends that the order of restitution, for one of numerous victims, lacks any support in the record.

{¶ 2} The State concedes that the order of restitution is not supported in the record, and must be amended. The State argues that the trial court's inconsistent statements about post-release control established partial compliance with Crim. R. 11, and that Knox has not shown sufficient prejudice to warrant reversal. We conclude that the restitution order is not supported in the record, and must be corrected. We also conclude that Knox has failed to establish that his plea would have been otherwise if given correct information about post-release control. Therefore, that part of the judgment of the trial court ordering restitution is Reversed, the judgment is Affirmed in all other respects, and this cause is Remanded for revision of the restitution order.

## I. The Course of Proceedings

{¶ 3} Knox was indicted on 21 counts of Burglary, felonies of the third degree, in violation of R.C. 2911.12(A)(3). He was also indicted on one count of Possession of Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24 (A), and one count of Receiving Stolen Property, a felony of the fifth degree, in violation of R.C. 2913.51(A). After his arrest, Knox admitted to burglarizing 24 different homes in Oakwood and Kettering for the purpose of stealing copper piping and selling it to finance his heroin addiction. Knox has a record of prior burglaries and thefts, also motivated by his drug addiction. Knox accepted responsibility for his criminal conduct, and expressed remorse

for his actions.

{¶ 4} Knox pled guilty to all of the indicted offenses, with no agreement on sentencing. Knox signed three written waiver and plea forms; one for all the Burglary offenses, one for the Possession of Criminal Tools offense and one for the Receiving Stolen Property offense. All three of the plea forms have the number of years hand-written and the box checked to indicate that the offense carried with it a "non-mandatory post-release control period of up to 3 years and prison term(s) up to the period of post-release control or one-half the total term(s) originally imposed, whichever is greater, for violations of post-release control." Dkt. at 11. Both counsel for the State and counsel for Knox submitted sentencing memoranda.

{¶ 5} At the sentencing hearing, the trial court asked Knox a series of questions to confirm that he understood the plea forms, that he was satisfied with his counsel, that he had no medical condition or drug influence that prevented him from understanding the plea process, that his plea was voluntary, and that no promises had been made to him in relation to the plea. The trial court recited the charges and the range of prison time that could be imposed. The trial court acknowledged that Knox was "technically eligible for community control sanctions," but that it was "unrealistic," based on the "sheer volume" of his offenses. Sentencing transcript at pg. 7. The trial court also advised Knox that "upon finishing your prison sentence on each of those counts, you may be placed on what is called post-release control." *Id.* Prior to discussing post-release control, the trial court asked whether, and the State indicated that, the indictment did not contain a "cause harm" claim, which led to the conclusion that the charges were not "offenses of violence." Based on this presumption, the trial court maintained that post-release control was not

mandatory by stating:

> Each of the felonies of the third degree, and there are 21 of them, three year's post-release control; that's considered discretionary. That means that the Adult Parole Authority doesn't have to give it to you as an additional sanction, based upon you entering a plea today.

> It could be based upon your behavior in prison; it could be based upon fines that are owed, or for some other reason, but it's not going to be given to you based upon the fact that you entered a plea today.

> You also have two felonies - - I mean two felonies of the fifth degree. Each of the felonies of the fifth degree also have three years post-release control that is discretionary.

> If you violate any of the conditions of your release from prison or you violated any law while you are under the supervision of the parole board, then the parole board can add into your sentence nine months for each individual violation up to a total of 50 percent of your sentence for multiple violations.

> If your violation is a felony, you could also receive from the Court a prison term of either one year or whatever time is remaining on your post-release control; whichever is longer time. Plus you could be prosecuted and sentenced for the new felony itself.

> For any violations, the Parole Board could increase the length of the post-release control or impose other, more restrictive sanctions upon you. Do you understand?

Sentencing Transcript pgs. 8-9.

{¶ 6} Knox affirmatively acknowledged that he understood, and the trial court again explained that she was advising him "what kind of sanctions you could get if you're released on post-release control and you mess up," and Knox again agreed that he understood.

{¶ 7} The termination entry acknowledged the plea of guilty and judgment of conviction, and sentenced Knox to a total term of imprisonment of ten years and six months. The termination entry provides that for the convictions of 21 counts of Burglary, Knox will be supervised by the Parole Board for three years of post-release control. The termination entry also states that Knox may be subject to post-release control for the two fifth-degree convictions.

{¶ 8} The termination entry also identifies the name of six victims, and orders Knox to pay specific amounts of restitution to each of these named victims, for a total of $6,760. In the trial court, Knox did not object to the amount of the restitution, or ask for a hearing on restitution. The PSI report includes a victim impact statement, prepared by an investigative officer, which identifies the victim in each of the 21 counts of Burglary, with comments about the effort made to contact each victim. Only five of the 21 victims provided the investigative officer with an amount of their losses. All of the loss amounts were based on the amount of their insurance deductibles, with one victim also seeking restitution for a lawn mower.   No documentation was included to verify the amount of any loss. The person identified as the victim in Counts 3 and 5 was included in the order of restitution in the amount of $1,000, although the PSI contains no amount or verification for losses incurred by this victim.

## II. The Record Supports Substantial Compliance with Crim. R. 11

{¶ 9} For his First Assignment of Error, Knox asserts that his plea was not knowingly, voluntarily and intelligently made. "If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void." *State v. Gosnell*, 2d Dist. Montgomery No. 24213, 2011-Ohio-4288, ¶ 10, citing *Boykin v. Alabama* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To assure that a plea is made in a knowing, voluntary and intelligent manner, the trial court must follow the mandates of Crim. R. 11(C), which identifies both constitutional and non-constitutional requirements for accepting a plea of guilty or no contest.

{¶ 10} "Failure to adequately inform a defendant of his constitutional rights invalidates a guilty plea under the presumption that it was entered involuntarily and unknowingly." *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E. 2d 51, ¶ 12. However, knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent, and voluntary plea. *State v. Johnson,* 40 Ohio St.3d 130, 133, 532 N.E. 2d 1295 (1988). Crim.R. 11(C)(2)(a) sets forth mandatory but non-constitutional rights that a court must inform a defendant including "the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence." *State v. Gosnell,* 2d Dist. Montgomery No. 24213, 2011-Ohio-4288, ¶ 11. Substantial compliance with Crim.R. 11(C) is sufficient when a defendant is waiving non-constitutional rights. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E. 2d 474 (1990). Substantial compliance is established when the record reflects, under the totality of the

circumstances, that the defendant subjectively understood the implications of the plea and the rights he was waiving. *Id.* at 108. Failure to comply with non-constitutional rights does not invalidate a plea unless the defendant suffers prejudice. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.' " *State v. Williams*, 10th Dist. Franklin No. 10AP-1135, 2011-Ohio-6231, ¶ 36, citing *Nero, supra.*

{¶ 11} In the case before us, the record reveals that the trial court inaccurately informed Knox, at the time of his plea, that the mandatory term of his post-release control was discretionary, when in fact it was mandatory for Knox's Burglary offenses, which violated R.C. 2911.12(A)(3). R.C 2967.28(B) specifically requires a trial court to include a period of post-release control for third-degree felonies that constitute an "offense of violence." R.C. 2901.01(A)(9)(a), which identifies offenses of violence, specifically includes a violation of R.C. 2911.12(A)(3). At the sentencing hearing, the trial court also incorrectly stated that post-release control was discretionary, when in fact it was mandatory for the Burglary offenses in violation of R.C. 2911.12(A)(3). The termination entry conflicts with the statements made at the plea and sentencing hearing because it provides that the convictions for Burglary offenses carried mandatory terms for post-release control, and that post-release control was discretionary for the two third-degree felony convictions. It has been held that partial compliance with Crim. R. 11 is established when the trial court discusses post-release control at the plea hearing but misinforms the defendant as to whether post-release control is mandatory or discretionary, as long as the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Mugrage*, 9th Dist. Summit No. 26062, 2012-Ohio-4802, ¶ 15; *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2011-Ohio-

2055, ¶ 22. In the case before us, Knox repeatedly acknowledged that he understood the effects of his plea, and after further explanation of post-release control, he agreed that he understood it. Based on this record, we conclude that the trial court partially complied with Crim. R. 11, by informing Knox that he could be placed on post-release control.

{¶ 12} When partial compliance is met, the defendant must be able to show that he was prejudiced by the error to such an extent that he would not have entered the plea if accurate consequences of his plea were disclosed. "The trial court's imperfect advisement to appellant that she was subject to a discretionary period of post-release control afforded her sufficient notice that such control might be imposed. Since appellant had notice that her sentence might include post-release control, she cannot show prejudice as her plea was made with knowledge of that possibility." *State v. Wright*, 6th Dist. Sandusky No. S-09-23, 2010-Ohio-2620, ¶ 29. In the case before us, Knox has failed to point to anything in the record that could lead us to conclude that his plea would have been otherwise if he had known that post-release control was mandatory, rather than discretionary. Knox has not established any prejudice based on the trial court's error. Therefore, the First Assignment of Error is overruled.

### III. The Restitution Order Must Be Corrected

{¶ 13} Knox's Second Assignment of Error asserts that the trial court abused its discretion in ordering restitution for one of the victims. Since Knox did not object to the restitution order and did not request a restitution hearing, raising that issue for the first time in this appeal, he has waived all but plain error in regards to the order of restitution.

*State v. Ratliff*, 194 Ohio App. 3d 202, 2011-Ohio-2313, 955 N.E. 2d 425, ¶9 (2d Dist.) Therefore, we must review the trial court's restitution order under a plain-error standard of review. *State v. LeGrant*, 2d Dist. Miami No. 2013-CA-44, 2014-Ohio-5803, ¶ 9. We have found plain error when three elements are met: 1) there must be an error or deviation from a legal rule, 2) that error must be plain, defined as "an obvious defect in the trial proceedings," and 3) the error must have affected a "substantial right," meaning the error must have affected the ultimate outcome, and a correction is needed to "prevent a manifest miscarriage of justice." *State v. DeLong,* 2d Dist. Montgomery No. 20656, 2005-Ohio-1905, ¶ 17, citing *State v. Barnes,* 94 Ohio St.3d 21, 759 N.E.2d 1240 (2002).

{¶ 14} We have held that "[t]here must be competent, credible evidence in the record to support the trial court's order of restitution 'to a reasonable degree of certainty.' The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence." (Citations omitted.) *State v. Hess*, 2d Dist. Montgomery No. 24453, 2012-Ohio-961, ¶ 35. In the case before us, the court relied on the PSI report, which does not contain sufficient information from which the court could determine, within any degree of certainty, the amount lost by the victim identified in Counts 3 and 5. The lack of credible, competent evidence of this victim's actual losses is an obvious defect in the record, and affected the ultimate outcome. When an award of restitution is not supported by such evidence, it is an abuse of discretion by the court that alters the outcome of the proceeding, thus constituting plain error. *State v. LeGrant*, 2d Dist. Miami No. 2013-CA-44, 2014-Ohio-5803, ¶ 11, citing *State v. Alcala*, 6th Dist. Sandusky No. S-11-026, 2012-Ohio-4318, ¶ 30. The State concedes that it was an error for the order of restitution to include $1,000 in restitution to the victim identified in Counts

3 and 5.   We agree.   Accordingly, Knox's Second Assignment of Error is sustained.

## IV. Conclusion

{¶ 15} Knox's First Assignment of Error having been overruled, and his Second Assignment of Error having been sustained, that part of the judgment of the trial court awarding restitution is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for the sole purpose of entering an amended termination entry correcting the order of restitution.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Christina E. Mahy
Lucas W. Wilder
Hon. Richard Skelton
(successor to Judge Frances E. McGee)