[Cite as *State v. Graham*, 2014-Ohio-1891.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-07-066 |
| | : | O P I N I O N |
| - vs - | | 5/5/2014 |
| | : | |
| ANTHONY L. GRAHAM, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 07 CR 24552

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Neal W. Duiker, 130 East Mulberry Street, Lebanon, Ohio 45036, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Anthony Graham, appeals the decision of the Warren County Court of Common Pleas denying his motion to modify or reduce his prison sentence. For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2} On October 9, 2007, appellant and his accomplice, Winston Thomas, were stopped by law enforcement personnel for committing a lane violation while traveling northbound on I-71 in Turtlecreek Township. Thereafter, a canine unit was dispatched to the

scene, and alerted officers to the presence of marijuana in the vehicle. An inspection of the vehicle yielded multiple bundles of marijuana covered in tape and cellophane and hidden in various locations in the vehicle.

{¶ 3} On October 15, 2007, appellant and Thomas were indicted as co-defendants for possession of marijuana in violation of R.C. 2925.11(A) and trafficking of marijuana in violation of R.C. 2925.03(A)(2). Prior to trial, appellant's co-defendant, Thomas, absconded from custody and remained missing for several years.

{¶ 4} In the meantime, on July 11, 2008, appellant was tried and convicted on both counts for possession of marijuana and trafficking in marijuana, both second-degree felonies. The jury also made an additional finding that appellant was trafficking in marijuana in an amount that equaled or exceeded 20 thousand grams. The trial court then merged the two counts and the state elected to proceed on the trafficking charge. Based on the sentencing legislation in effect at the time, the trial court was required to sentence appellant to a mandatory maximum eight-year prison term. Accordingly, appellant was sentenced to an eight-year prison term and $7,500 fine, as well as a five-year driver's license suspension. This court affirmed appellant's convictions on direct appeal in *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814.

{¶ 5} Following appellant's conviction and sentence, appellant's co-defendant, Thomas, was apprehended on federal drug charges and sentenced to 37 months in federal prison in the Mashannon Valley Correctional Center located in Pennsylvania. On June 7, 2010, Ohio filed a detainer against Thomas and on April 18, 2012, Thomas was transported back to Warren County to face the drug charges pertinent to this appeal. Following a jury trial, Thomas was convicted of the same offenses as appellant, i.e., possession of marijuana and trafficking in marijuana. As in appellant's case, the jury also returned a finding that Thomas was trafficking in an amount that equaled or exceeded 20 thousand grams. The trial

court then merged the two counts and the state proceeded elected to proceed with the trafficking-in-marijuana conviction for sentencing. However, because of recent sentencing amendments in House Bill 86 (H.B. 86), the trial court had discretion to impose a mandatory prison term of five, six, seven, or eight years. The trial court sentenced Thomas to a six-year prison term. This court affirmed Thomas' direct appeal in *State v. Thomas*, 12th Dist. Warren No. CA2012-10-096, 2013-Ohio-3411.

{¶ 6} On May 2, 2013 appellant filed a "motion for disparity of sentence pursuant to Crim.R. 47 and Crim.R. 57(A)(1)(2)," which the court construed as a "motion to modify or reduce sentence." On June 11, 2013, the trial court denied appellant's motion. Appellant now appeals the decision of the trial court raising two assignments of error for review

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE APPELLATE COURT SHOULD EXERCISE ITS RIGHT UNDER O.R.C. §2953.08(G)(2) TO REDUCE OR OTHERWISE MODIFY APPELLANT'S SENTENCE AS A DISPARITY IN APPELLANT'S SENTENCE COMPARED TO HIS CO-DEFENDANT'S SENTENCE.

{¶ 9} In his first assignment of error, appellant argues this court should modify his prison sentence because of the disparity between the eight-year mandatory maximum prison term he received and the six-year prison term Thomas received. Appellant's complaint centers on the fact that, at the time of appellant's conviction and sentence, the penalty for trafficking marijuana in excess of 20 thousand grams was a mandatory maximum eight-year prison term. However, because Thomas absconded and was not subsequently convicted and sentenced until after the passage of H.B. 86, the trial court was not required to sentence Thomas to an eight-year mandatory maximum prison term. Rather, Thomas received a shorter, six-year prison term. Therefore, appellant maintains that his sentence should be modified to more closely reflect the prison term imposed on Thomas. We find no merit to this

argument.

**{¶ 10}** We review felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 9. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Id.*

**{¶ 11}** In the present case, appellant was convicted on two counts for possession of marijuana in violation of R.C. 2925.11(A) and trafficking in marijuana in violation of R.C. 2925.03(A)(2), both second-degree felonies. The trial court then merged the two counts together and the state elected to proceed on the trafficking charge. Pursuant to the version of R.C. 2929.14 in effect at the time of appellant's sentencing, a second-degree felony was punishable by a prison term of two, three, four, five, six, seven, or eight years. Furthermore, because the jury made an additional finding that appellant was trafficking marijuana in an amount that equaled or exceeded 20 thousand grams, the trial court was also required to sentence appellant pursuant to former R.C. 2925.11(C)(3)(f), which provided:

> Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds twenty thousand grams, trafficking in marihuana is a felony of the second degree, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the second degree.

Accordingly, the trial court's imposition of an eight-year prison term fell within the permissible statutory range. Moreover, because of the clear language contained in R.C. 2925.11(C)(3)(f), the trial court was required to sentence appellant to an eight-year prison term.

- 4 -

{¶ 12} The record also reflects the trial court considered all relevant seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. In the judgment entry of sentencing, the trial court expressly noted:

> The Court inquired if the Defendant had anything to say in mitigation regarding the sentence. The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. §2929.11, and has balanced the seriousness and recidivism factors under R.C. §2929.12.
>
> The Court further finds the Defendant is not amenable to an available community control sanction and that prison is consistent with the purposes and principles of R.C. §2929.11.

{¶ 13} On appeal, appellant focuses on the fact that his prison term is longer than the prison term imposed on Thomas to support his motion to modify or reduce sentence. Appellant complains he received a longer prison term than Thomas in spite of the fact that Thomas absconded from custody and evaded authorities after the charges were brought in Warren County. Therefore, appellant argues an inequality and disparity exists between his sentence and Thomas' sentence. As such, appellant argues that his sentence should be modified to be equal to or less than the sentence imposed on Thomas.

{¶ 14} Appellant correctly notes that "a sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). However, as this court has previously acknowledged, consistency in sentencing does not mean uniformity. *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239, ¶ 49; *State v. Hall*, 10th Dist. Franklin No. 10AP-302, 2009-Ohio-5712, ¶ 10. "A consistent sentence is not derived from a case-by-case comparison, but from the trial court's proper application of the statutory sentencing guidelines." *Micomonaco* at ¶ 49. "In other words, a defendant claiming inconsistent sentencing must demonstrate that the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C.

2929.11 and 2929.12." *State v. Lang*, 12th Dist. No. CA2011-03-007, 2011-Ohio-5742, ¶ 25.

{¶ 15} Based on our review of the evidence, we find no error in the trial court's denial of appellant's motion to modify or reduce his prison sentence. Although, appellant's co-defendant, Thomas, received a shorter prison term than appellant, that fact alone does not require a finding that the trial court erred in its sentencing decision. *See State v. Lee*, 12th Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 13 (a sentence is not contrary to law because the trial court failed to impose a sentence that is the same as another offender who committed similar conduct); *State v. Isreal*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474, ¶ 73. In this case, the record reflects the trial court properly considered all relevant sentencing factors including, the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12 and the trial court's sentence was clearly within the permissible statutory range for the offense. Because appellant was sentenced prior to the enactment of H.B. 86, the trial court was required to impose a mandatory maximum eight-year prison term. As such, appellant's sentence is not contrary to law and the trial court did not err in denying appellant's motion to modify or reduce his prison sentence. Therefore, appellant's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 18} In his second assignment of error, appellant alleges he was denied effective assistance of counsel. For the first time on appeal, appellant essentially argues his trial counsel was ineffective for failing to seek a new trial after Thomas had been captured, in order for appellant to be retried jointly with Thomas. Appellant's argument is without merit.

{¶ 19} "To establish a claim of ineffective assistance of counsel, a defendant must show that his or her counsel's actions were outside the wide range of professionally

competent assistance, and that prejudice resulted by reason of counsel's actions." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Accordingly, counsel's performance will not be deemed ineffective unless (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) he was prejudiced by that deficient performance in that there is a reasonable probability that, but for his counsel's deficient performance, the outcome of his trial would have been different. *State v. Russell*, 12th Dist. Butler No. CA2012-08-156, 2013-Ohio-3079, ¶ 49, citing *Strickland* at 687.

{¶ 20} We note appellant failed to raise the issue of ineffective assistance of counsel in his motion to modify or reduce sentence. In his motion, appellant quoted numerous cases involving the joinder of cases and stated the "intention[ ] of quoting the above case law in this action, is to show some of the many circumstances and different situations, that co-defendants have had their cases merged together and tried together." Appellant further explained the "ending [sic] result of co-defendants having their cases merged together, usually ends in those co-defendants receiving the same punishment." At no point did appellant complain his counsel was ineffective for failing to seek a new trial following Thomas' arrest. "It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Abney*, 12th Dist. Warren No. CA2004-02-018, 2005-Ohio-146, ¶ 17, citing *State v. Awan*, 22 Ohio St.3d 120, 122 (1986); *State v. Guzman-Martinez*, 12th Dist. Warren No. CA2010-06-059, 2011-Ohio-1310, ¶ 9. Therefore, because appellant did not specifically raise this issue with the trial court, this matter is waived and we need not consider it for the first time on appeal.

{¶ 21} However, even if appellant's argument were properly raised, we would still reach the same conclusion. It is well-established,"'[a]ttorneys need not pursue every conceivable avenue; they are entitled to be selective.'" *State v. Were*, 118 Ohio St.3d 448,

2008-Ohio-2762, ¶ 222, quoting *State v. Murphy*, 91 Ohio St.3d 516, 542 (2001). Furthermore, "[c]ounsel is not deficient for failing to raise a meritless issue." *State v. Massey*, 10th Dist. Franklin No. 12AP-649, 2013-Ohio-1521, ¶ 13.

{¶ 22} Based on our review of the record and the argument raised in appellant's brief, we fail to see any merit to appellant's assignment of error. As we have previously stated, "the petitioner bears the burden to submit evidentiary materials demonstrating the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." *State v. Hackney*, 12th Dist. Clermont No. CA96-08-071, 1997 WL 10916, *1 (Jan. 13, 1997). While appellant complains his counsel was ineffective for failing to request a retrial following Thomas' transfer to Warren County, appellant fails to present any evidence that: (1) his counsel was notified when Thomas was placed in custody and returned to Warren County, or (2) appellant notified counsel of his interest in seeking a new trial upon Thomas' return to Warren County. Indeed, appellant does not even indicate whether his trial counsel, appellate counsel, or some other counsel of record was ineffective for the alleged failure to request a retrial, nor has appellant presented any evidence that he was still represented by counsel at the time he alleges his counsel should have filed the motion for retrial.

{¶ 23} Furthermore, the record in this case reflects that appellant failed to raise the issue of ineffective assistance of counsel until more than five years after his conviction and more than four years after the completion of his direct appeal.[1] Finally, while appellant

---

1 We also note that if appellant had raised this issue properly, his motion would be considered a motion for postconviction relief. *See State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus; *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 14. Pursuant to R.C. 2953.21(A)(2), a motion for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction," unless appellant meets the requirements for a delayed petition under R.C. 2953.23. In the present case, appellant was convicted of possession of marijuana and trafficking marijuana on July 11, 2008, sentenced on July 14, 2008, and the record was completed on November 5, 2008. However, appellant did not file his "motion for disparity of sentence pursuant to Crim.R. 47 and Crim.R. 57(A)(1)(2)," until May 2, 2013. Thus, appellant's motion was clearly filed beyond the 180-day time limitation set forth in R.C. 2953.21. Furthermore, appellant has made no attempt to argue, much less establish, that any exception for a delayed petition under R.C. 2953.23 applied in the present case. *State v. Banks*, 10th Dist. Franklin No. 12AP-96, 2012-Ohio-3770, ¶ 10; *State v. Czaplicki*, 2d Dist. Montgomery No. 16589, 1998 WL

argues that Thomas' presence in a retrial would exculpate him of any wrongdoing, appellant fails to offer any more than conclusory, self-serving allegations in support of his theory. *Hackney* at *1 ("[a]lthough appellant's affidavit makes several self-serving claims, he provides no evidence in support of his claims of ineffective assistance of counsel"). Therefore, we fail to see how appellant's counsel was deficient or that appellant was in any way prejudiced by his counsel's actions. Accordingly, appellant's second assignment of error is overruled.

{¶ 24} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.

---

272034 (May 29, 1998) ("the 'facts' contemplated by this provision are the historical facts of the case, which occurred up to and including the time of conviction").