[Cite as *State v. Chaney*, 2018-Ohio-552.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-07-118 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 2/12/2018 |
| - vs - | | |
| | : | |
| DOUGLAS C. CHANEY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR32454


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Lisa M. Wells, 401 Madison Avenue, Covington, Kentucky 41011, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1}  Defendant-appellant, Douglas C. Chaney, appeals from the decision of the Warren County Court of Common Pleas ordering him to pay restitution in the amount of $83,783.96 to Procter & Gamble after he pled guilty to one count of grand theft.[1]  For the reasons outlined below, we affirm.

---

1. Pursuant to Loc.R. 6(A), the court hereby sua sponte removes this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} On January 3, 2017, the Warren County Grand Jury returned an indictment charging Chaney with one count of grand theft in violation of R.C. 2913.02(A)(2), a fourth-degree felony, when, pursuant to R.C. 2913.02(B)(2), "the value of the property or services stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars * * *." The charge arose after it was discovered Chaney, a subcontractor employed at the Procter & Gamble headquarters located in Mason, Ohio, had stolen hundreds of items from Procter & Gamble between April 24, 2012 to March 4, 2016 that he then sold to buyers over the internet. Once an item was sold, Chaney would then package and ship the stolen item to the buyer using Procter & Gamble's packaging and shipment services. The items Chaney stole from Procter & Gamble included, but were not limited to, interface cards, ink cartridges, ink sets, adapters, and other business equipment Chaney had access to as part of his employment at the Procter & Gamble headquarters.

{¶ 3} On January 20, 2017, Chaney was arraigned and subsequently released on bond after entering a plea of not guilty. Approximately two months later, on March 9, 2017, Chaney appeared before the trial court and entered a guilty plea to the one count of grand theft as charged. After conducting the necessary Crim.R. 11 plea colloquy, the trial court accepted Chaney's guilty plea and scheduled the matter for a sentencing hearing. The trial court then stated, as it relates to the issue of restitution and the need for a restitution hearing, the following:

> We had a discussion about what the restitution should be in the case. There appears to be a dispute about what the restitution should be, which means we may have to have a hearing. If we have two sets of numbers, Mr. Chaney that the sides present to me, normally that's how it works and I just either pick between the numbers or pick my own number regarding restitution, but it may be in this case, that we have to have a hearing on the issue of restitution, which does not really affect your sentence in terms of what kind of community control sanctions that you receive but the law in the State of Ohio says that I have to make restitution part of the sentence

- 2 -

so we will continue the sentencing if necessary in progress, if we have to have a longer restitution hearing sometime in excess of the time allotted * * *.

{¶ 4} On April 19, 2017, after accepting sentencing memorandum from both parties, the trial court held a restitution hearing to determine the proper amount of restitution Chaney owed to Procter & Gamble, if any. At this hearing, the state submitted a binder to the trial court labeled Exhibit 1 that contained receipts and account records dating April 24, 2012 through March 4, 2016 that showed Chaney had netted a grand total of $83,783.96 by selling the hundreds of items he had stolen from Procter & Gamble to buyers over the internet. Chaney stipulated to the authenticity of the receipts and account records contained within Exhibit 1, raised no objection to the trial court's decision to admit the receipts and account records contained within Exhibit 1 as evidence, and otherwise failed to present any opposing evidence contrary to the receipt and account records contained within Exhibit 1 on his own behalf. Besides raising a legal challenge regarding the amount of restitution he owed, Chaney rested and the trial court took the matter under advisement.

{¶ 5} The following day, the trial court issued a decision finding the proper amount of restitution Chaney owed to Procter & Gamble was the state's requested amount of $83,783.96 finding that sum represented the economic loss Procter & Gamble incurred as a result of Chaney's actions. Upon entering its decision on restitution, the trial court then sentenced Chaney to serve five years of community control, the conditions of which required Chaney to serve 90 days in jail, pay the restitution order to Procter & Gamble in full, and successfully complete a corrective thinking class. The trial court also ordered Chaney to pay court costs.

{¶ 6} Chaney now appeals from the trial court's decision ordering him to pay $83,783.96 in restitution to Procter & Gamble, raising the following single assignment of error for review.

- 3 -

{¶ 7} THE TRIAL COURT ERRED BY ORDERING RESTITUTION IN THE AMOUNT OF $83,783.96.

{¶ 8} In his single assignment of error, Chaney argues the trial court's decision was improper in that it was not supported by sufficient evidence. Specifically, Chaney argues that "without an actual accounting for the replacement cost of the stolen property with new property of like kind and quality, the trial court did not possess the requisite information it needed to order restitution." We disagree.

{¶ 9} At the outset, we note that Chaney challenges the trial court's decision finding the parties improperly directed it to apply R.C. 2913.61(D) to determine the specific amount of restitution he owed to Procter & Gamble. Pursuant to that statute:

> The following criteria shall be used in determining the value of property or services involved in a theft offense:
>
> (1) The value of an heirloom, memento, collector's item, antique, museum piece, manuscript, document, record, or other thing that has intrinsic worth to its owner and that either is irreplaceable or is replaceable only on the expenditure of substantial time, effort, or money, is the amount that would compensate the owner for its loss.
>
> (2) The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner, which property is not covered under division (D)(1) of this section and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing the property with new property of like kind and quality.
>
> (3) The value of any real or personal property that is not covered under division (D)(1) or (2) of this section, and the value of services, is the fair market value of the property or services. As used in this section, "fair market value" is the money consideration that a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act.

{¶ 10} According to Chaney, the trial court was required to conduct an analysis

- 4 -

pursuant to R.C. 2913.61(D) to properly determine the amount of restitution he owed to Procter & Gamble, if any. That statute, however, generally applies to questions involving the degree of the theft offense the offender can be convicted of based on the value of the property or services involved in the crime. In turn, just as the trial court found, while the trial court must look to R.C. 2913.61(D) to evaluate the overall economic loss involved in determining the maximum amount of restitution that can be awarded, which, in this case, was $150,000, the trial court "is not limited to the strict criteria contained in that statute in calculating the restitution figure."[2]  *See State v. Miller*, 12th Dist. Butler No. CA2007-11-295, 2008 Ohio 5661, ¶ 9. Therefore, contrary to Chaney's claim otherwise, and as aptly noted by the state, "[t]he court did not refuse to consider R.C. 2913.61(D) in determining restitution. The court merely stated its analysis was broader than R.C. 2913.61(D)."

{¶ 11} Although the trial court must look to R.C. 2913.61(D) in determining the maximum amount of restitution that can be awarded, it is R.C. 2929.18(A)(1) that "grants a trial court the authority to order restitution by an offender to the victim, or any survivor of the victim, in an amount commensurate with the victim's economic loss." *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 7. As defined by R.C. 2929.01(L), the term "economic loss" means "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *," including any property loss. "Economic loss," however, does not include "non-economic loss or any punitive or exemplary damages." R.C. 2929.01(L).

{¶ 12} Due process "requires that the amount of restitution ordered bear a reasonable relationship to the actual loss suffered by the victim." *State v. Stamper*, 12th

---

2. As noted above, Chaney was charged with grand theft in violation of R.C. 2913.02(A)(2), a fourth-degree felony, when, pursuant to R.C. 2913.02(B)(2), "the value of the property or services stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars * * *."

Dist. Butler No. CA2009-04-115, 2010-Ohio-1939, ¶ 17. In turn, the amount of restitution that may be awarded to the victim is limited to the "actual loss or damage caused by the offender and must be established to a reasonable degree of certainty." *State v. Collins*, 12th Dist. Warren No. CA2014-11-135, 2015-Ohio-3710, ¶ 32, citing *State v. Dyer*, 12th Dist. Butler No. CA2005-05-109, 2006-Ohio-3537, ¶ 30. In determining such an award, R.C. 2929.18(A)(1) permits the trial court to base its decision on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, or any other information, so long as the amount does not exceed the actual economic loss suffered by the victim.

{¶ 13} After a thorough review of the record, we find no error in the trial court's decision ordering Chaney to pay $83,783.96 in restitution to Procter & Gamble. Although Chaney claims otherwise, the record firmly supports the trial court's decision based on the receipts and account records contained within Exhibit 1 – an exhibit which Chaney stipulated to authenticity and did not otherwise object to its admission at the trial court's restitution hearing – showing Chaney netted that exact amount by selling hundreds of items he had stolen from Procter & Gamble to buyers over the internet between April 24, 2012 to March 4, 2016. This is true despite the fact that Procter & Gamble did not submit a victim impact statement to the trial court or conduct an actual accounting of the replacement cost of the hundreds of items Chaney sole. It is well-established that a victim's actual economic loss can be established through documentary evidence or testimony, including that of the victim. *Geldrich*, 2016-Ohio-3400 at ¶ 10.

{¶ 14} In so holding, we once again note that R.C. 2929.18(A)(1) permits the trial court to base its decision on the amount of restitution to award on an amount recommended by the victim, the offender, as well as a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, or any other information, so

long as the amount does not exceed the actual economic loss suffered by the victim. That is exactly what occurred here. Therefore, because we find no error in the trial court's decision ordering Chaney to pay $83,783.96 in restitution to Procter & Gamble – an amount that is surely less than the true economic loss suffered by Procter & Gamble when considering Chaney also used Procter & Gamble's packaging and shipment services to package and ship the hundreds of stolen items he stole from Procter & Gamble to his buyers – Chaney's single assignment of error is without merit and overruled.

{¶ 15} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.