[Cite as *State v. Brightman*, 2018-Ohio-1459.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

    Plaintiff-Appellee,               :               CASE NO.   CA2017-11-158

    - vs -                                        :               O P I N I O N
                                                                4/16/2018
                                                   :

LAWRENCE D. BRIGHTMAN III a.k.a.   :
LAWRENCE D. BRIGHTMAN,

                                                   :
    Defendant-Appellant.
                                                   :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-02-0223


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Krista M. Gieske, 810 Sycamore Street, 3rd Floor, Cincinnati, Ohio 45202, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Lawrence Brightman, appeals the terms of his sentence after pleading guilty to theft.

{¶ 2}   Brightman was indicted on two counts of felony theft, and agreed to plead guilty to one count in exchange for dismissal of the second count.  The state further agreed to

lower the felony charge to a misdemeanor if Brightman made restitution of $2,200 to the victim by the time that sentencing occurred. The trial court continued sentencing for several months to allow Brightman to raise the restitution funds. However, Brightman arrived at sentencing without the necessary funds.

{¶ 3} The trial court sentenced Brightman to one year in prison and also ordered a certificate of judgment against Brightman for $2,200 to account for the restitution owed to the victim. Brightman now appeals his sentence, raising the following assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED IN SENTENCING BRIGHTMAN TO A TERM OF INCARCERATION RATHER THAN IMPOSING COMMUNITY CONTROL.

{¶ 6} Brightman argues in his first assignment of error that the trial court erred in sentencing him.

{¶ 7} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the

record.  *Marcum* at ¶ 7.

{¶ 8}  After reviewing the record, we find that the sentence is proper.  Brightman pled guilty to theft in violation of R.C. 2913.02, a felony of the fifth degree, and was sentenced to 12 months.  According to R.C. 2929.14(A)(5), the applicable range for a fifth-degree felony is six to 12 months so that the 12-month sentence is within the applicable range.  The trial court also properly imposed postrelease control and considered the purposes and principles of sentencing according to R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12.  The trial court's consideration of these statutory factors was recorded in its judgment entry, and the trial court discussed such during the sentencing hearing.

{¶ 9}  We also find that the sentence is supported by the record.  The trial court considered that Brightman did not make restitution as he indicated he was willing to do, even after having several months to raise the necessary $2,200.  The trial court also considered information contained in the presentence investigation report, including that Brightman had a criminal history that included previous convictions for theft.  Brightman also violated his bond conditions before sentencing occurred by not appearing at a court-ordered hearing, claiming he panicked and was scared because he had not yet raised restitution funds.

{¶ 10}  Brightman claims that his sentence is erroneous because it is harsher than other courts have ordered for more serious crimes.  However, and as this court has stated, a trial court's need to order consistent sentences does not mean that each sentence for a particular crime must be the same.  *State v. Graham*, 12th Dist. Warren No. CA2013-07-066, 2014-Ohio-1891.  Instead, consistent sentences occur when the trial court properly applies the statutory sentencing guidelines.  *State v. Micomonaco*, 12th Dist. Butler No. CA2011-07-139, 2012-Ohio-5239.

{¶ 11}  As stated above, the trial court complied with the requisite sentencing guidelines when sentencing Brightman.  The trial court did so after considering a presentence

investigation report and mitigation evidence, as well as personal statements from Brightman and the victim. Specifically, Brightman explained his conduct by stating that he had too many children to support, and that he needed to use the $2,200 he took from the victim to pay his personal expenses. The victim testified to the mental and economic harm Brightman's theft caused his family, including financial hardship, stress, and fear

{¶ 12} After considering the proper statutory guidelines, Brightman's actions, and the victim's suffering, the trial court properly sentenced Brightman to 12 months in prison. We therefore find that Brightman's sentence is not contrary to law and is otherwise supported by the record. Brightman's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN DIRECTLY CAUSING A CERTIFICATE OF JUDGMENT TO ISSUE AGAINST BRIGHTMAN FOR RESTITUTION.

{¶ 15} Brightman argues in his second assignment of error that the trial court erred in ordering a certificate of judgment in favor of the victim.

{¶ 16} According to R.C. 2929.18(D), a financial sanction of restitution is an order in favor of the victim that can be converted to a certificate of judgment with the defendant being the judgment debtor. Once the trial court orders restitution, the victim may "obtain from the clerk of the court in which the judgment was entered a certificate of judgment that shall be in the same manner and form as a certificate of judgment issued in a civil action[.]" R.C. 2929.18(D)(1).

{¶ 17} During the sentencing hearing, the victim stated multiple times that he wanted, and needed, the $2,200 restitution Brightman had been determined to owe the victim. Brightman never denied the restitution amount or that he owed it; he simply asked for more time to secure the funds. With no dispute over the restitution amount or that it was owed by Brightman, the trial court simply ordered its clerk of courts to reflect that the amount owed

was a judgment the trial court was awarding against Brightman and in favor of the victim. Thusly, the certificate of judgment was file-stamped by the clerk of courts as required by the statute.  As such, Brightman can show no error, nor prejudice, in the trial court ordering a certificate of judgment to be filed reflecting the trial court's judgment.  Brightman's second assignment of error is overruled.

{¶ 18}  Judgment affirmed.


S. POWELL, P.J., and HENDRICKSON, J., concur.