OPINION
{¶ 1} Jason G. Bender pleaded guilty in the Champaign County Municipal Court, to the unauthorized use of a vehicle. On February 24, 2004, the court sentenced Bender to 180 days in jail, with 90 days suspended, and ordered him to pay restitution. Bender was found guilty of a probation violation on May 7, 2004, when he had failed to pay restitution by the time of the restitution hearing. Due to the violation, the court reimposed the 90 day suspended sentence. On appeal, Bender contests the amount of restitution that he was ordered to pay. He also claims that the trial court did not afford him due process in its handling of the alleged probation violation.
 {¶ 2} In November 2003, Bender was indicted in the Champaign County Court of Common Pleas on five counts: breaking and entering, grand theft of a motor vehicle, two counts of receiving stolen property, and theft. This case was dismissed by the state, with prejudice, subject to the filing of municipal court charges. In February 2004, a municipal court charge was filed, alleging the unauthorized use of a vehicle, in violation of R.C. 2913.03(A). Bender pled guilty to this misdemeanor charge. The court sentenced Bender to 180 days in jail, with 90 days suspended, and fined him $750, plus costs. The suspended sentence was subject to the following conditions: have no similar convictions for five years, pay restitution, obtain steady employment for three years or be actively seeking employment, and abide by a curfew. With respect to restitution, the judgment entry did not specify an amount or a date by which it was to be paid. However, the trial court eventually settled on an amount of $7,000.52.
 {¶ 3} Bender raises two assignments of error on appeal.
 {¶ 4} "The trial court abused its discretion by failing to determine that the amount of restitution ordered was reasonably related to the actual damage or loss suffered by the victim."
 {¶ 5} Bender contends that the trial court erred in refusing to explain how it had arrived at its award of restitution.
 {¶ 6} The day after Bender was found guilty and sentenced by the trial court, the court scheduled a "Restitution Proof" hearing for April 23, 2004, which was later rescheduled for May 7, 2004. At the "hearing," however, the court expressed surprise that Bender had expected a hearing to take place that day, stating "He's here to pay restitution." Bender's attorney explained that Bender had received a letter from the prosecutor's office demanding payment of over $7,000 and indicating that a hearing had been set. The court stated: "There isn't a hearing on it. The restitution is seven thousand something. I'm not real sure why there is a hearing set myself." Bender requested discovery to explore the correlation between the amount sought and the unauthorized use of a vehicle for which he was convicted. The court denied the request for discovery, stating "The case is over" and "I don't know if you need a hearing for that."
 {¶ 7} Bender's attorney persisted, stating that some of the canceled checks provided by the prosecution were for painting, service, a seat, a back rest, and a headlight. She questioned the correlation between these type of purchases and the unauthorized use of the vehicle. The state responded that the parts in question had been destroyed or demolished, and that the victim's insurance company had paid her $9,000 for the value of the customized motorcycle. The defense questioned whether there was any evidence to suggest that Bender had been involved with the loss or destruction of the motorcycle.
 {¶ 8} The court noted that the payment of restitution was a condition of the plea bargain and that the transfer of the case from the common pleas court had contemplated restitution. Bender's attorney stated that the amount of restitution that had been discussed in the common pleas court was $605, not $7,000, further noting that that offer had related to a fourth degree felony rather than to a misdemeanor. The parties disagreed about whether Bender had previously been informed that restitution would be sought for the full value of the motorcycle.
 {¶ 9} When the court affirmed the restitution amount of $7,000.52, defense counsel asked the court to explain how that figure was calculated. The court refused, telling her to "go over that with the Prosecutor."
 {¶ 10} The municipal court is permitted to order payment of restitution pursuant to R.C. 2929.21(E). For due process reasons, the amount of restitution must bear a reasonable relationship to the loss suffered. State v. Marbury (1995), 104 Ohio App.3d 179, 181,661 N.E.2d 271; State v. Williams (1986) 34 Ohio App.3d 33, 34,516 N.E.2d 1270. Accordingly, to ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution "to a reasonable degree of certainty." State v.Hooks (2000), 135 Ohio App.3d 746,749, 735 N.E.2d 523; State v. Gears
(1999), 135 Ohio App.3d 297, 300, 733 N.E.2d 683. The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence. See State v. Johnson, Auglaize App. No. 2-98-39, 1999-Ohio-825, citing Marbury, 104 Ohio App.3d at 179.
 {¶ 11} In Bender's case, the evidence does not support the award of restitution "to a reasonable degree of certainty." The trial court appears to have been totally uninvolved with determining the amount of the award and unwilling to examine the basis for it. The court's refusal to examine the basis for the amount claimed by the victim, and presented through the prosecution, deprived Bender of his due process right to an objective determination of the damages. We are disturbed by the trial court's insistence that it need not be bothered with substantiating the award, especially in light of defense counsel's admirable persistence on this issue.
 {¶ 12} On its face, the restitution award does seem somewhat high for the offense of unauthorized use of a vehicle. However, the police report does substantiate some of the items that the defense calls into question. For example, the police narrative indicated that chrome items, a seat, and mirrors were removed from the "stolen" motorcycle and placed on another motorcycle belonging to Bender, and that Bender had painted the "stolen" motorcycle. It also appears that the motorcycle was in Bender's possession for two months. Thus, it is possible that the trial court's restitution award can be substantiated by the evidence. However, Bender is entitled to an opportunity to ask questions about and, if appropriate, to challenge the alleged losses or expenditures by the victim. We also note that the court is not permitted to award damages on offenses of which the defendant was not convicted. A sentence of restitution must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted. See State v.Warner (1990), 55 Ohio St.3d 31, 69, 564 N.E.2d 18. "Thus, restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced." Hooks,135 Ohio App.3d at 749, citing State v. Friend (1990),68 Ohio App.3d 241, 243, 587 N.E.2d 975. A trial court abuses its discretion when it orders restitution in an amount which has not been determined to bear a reasonable relationship to the actual loss suffered as a result of the offense for which the defendant was convicted.Williams, 34 Ohio App.3d at 34.
 {¶ 13} We have recently stated our view that the trial court need not necessarily conduct an evidentiary hearing before establishing restitution. See State v. Carpenter (Feb. 25, 2005), Greene App. No. 04CA56. However, the establishment of restitution is a judicial function and, where questions are raised about the amount of restitution that should be ordered, the trial court cannot abdicate its responsibility to resolve those questions with, if necessary, an evidentiary hearing. Id.,State v. Hubbell, Darke App. No. 1617, 2004-Ohio-398.
 {¶ 14} The first assignment of error is sustained.
 {¶ 15} "The court committed reversible error and violated the defendant-appellant's rights to due process when it failed to advise him of the allegation of probation violation, failed to offer him the opportunity to admit or deny the allegation, failed to afford him the right to counsel, failed to afford him a hearing, and ultimately revoked his probation."
 {¶ 16} It appears from the record that Bender was arrested immediately following the restitution hearing on May 7, 2004, for violating his probation and was ordered to serve the suspended portion of his sentence. He contends that this arrest violated his due process rights because he "was not made aware of a warrant issued for his arrest, no document of alleged violation or infraction was served upon [him], he was given no hearing, no opportunity to challenge the accusation, no opportunity to consult with counsel." He also contends that the clerk of courts refused to provide any documents pertaining to his arrest, apparently at the court's order.
 {¶ 17} The quantum of evidence necessary to support a trial court's revocation of probation for a misdemeanor offense is not "beyond a reasonable doubt," but merely evidence of a substantial nature showing that the probationer has breached a term or condition of probation. Statev. Walker (July 26, 1995), Jefferson App. No. 93-J-48, citing State v.Minagua (1974), 42 Ohio App.2d 35, 40, 327 N.E.2d 791. Where the state meets this burden, the court is given wide latitude to revoke probation. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38,601 N.E.2d 61. However, the court must comply with six minimum due process requirements first set forth in Morrissey v. Brewer (1972),408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, a parole revocation case, adopted in Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656, a probation revocation case, and later adopted by the Supreme Court of Ohio in State v. Miller (1975), 42 Ohio St.2d 102, 104,326 N.E.2d 259, a probation revocation case. These requirements are:
 {¶ 18} "(a) written notice of the claimed violations of parole (probation); (b) disclosure to the parolee (probationer) of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body * * * and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking ** parole (probation)."
 {¶ 19} It is clear that the trial court did not comply with the requirements of Gagnon and Miller. Bender was not given written notice of the claimed violation or an opportunity to be heard, and the trial court made no findings of fact on the record. Further, according to his attorney's unrefuted affidavit, the court's clerk seems to be operating under the mistaken belief that the documentation relating to an alleged probation violation can be shielded from public view. All of these factors evince problems with the probation revocation in this case. Moreover, Bender's probation was presumably revoked for failure to pay restitution. In light of the fact that Bender had not been given a proper hearing on the issue of restitution, as discussed under the first assignment of error, the court's revocation of probation cannot be countenanced.
 {¶ 20} The second assignment of error is neverthless overruled as moot. Having completed the ninety days incarceration imposed for the probation violation, this court can afford Bender no remedy. Should there be any further probation revocation, the trial court may not impose the unserved days of Bender's sentence, if any, without complying withGagnon and Miller.
 {¶ 21} The judgment of the trial court as it pertains to restitution will be reversed. This matter will be remanded for a proper determination of the amount of restitution.
Brogan, P.J. and Donovan, J., concur.