[Cite as *State v. Twitty*, 2011-Ohio-4725.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee            :     C.A. CASE NO. 24296

vs.                                    :     T.C. CASE NO. 10CR1201/1

DEONTAY M. TWITTY                      :     (Criminal Appeal from
                                             Common Pleas Court)
    Defendant-Assignment          :

. . . . . . . . .

O P I N I O N

Rendered on the 16th day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422
    Attorney for Plaintiff-Appellee

Christopher W. Thompson, Atty. Reg. No. 0055379, 130 West Second Street, Suite 2050, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

VUKOVICH, J. (BY ASSIGNMENT):

{¶ 1} Defendant-appellant Deontay Twitty appeals from the sentence entered in the Montgomery County Common Pleas Court for aggravated robbery, failure to comply with an order of a police officer and kidnapping. Three arguments are made for reversal.

{¶ 2} In appellant's first argument, he contends that the trial

court erred in disapproving transitional control in its termination entry. Appellant's next two arguments concern the trial court's order of restitution. He contends that the court failed to consider his ability to pay prior to ordering financial sanctions. He also asserts that the amount of restitution is not supported by competent credible evidence.

{¶ 3} The state admits that there is merit with appellant's first argument, however, it contends that the remaining arguments are meritless.

{¶ 4} Considering the arguments presented we find that the trial court erred in prematurely denying transitional control. We also find that while the trial court did consider appellant's ability to pay restitution, the amount of restitution ordered permits double recovery and is in error. Thus, for the reasons expressed in depth below, the sentence is affirmed in part, reversed in part and remanded for further proceedings.

## STATEMENT OF THE CASE

{¶ 5} Appellant was indicted for Aggravated Robbery, a violation R.C. 291101(A), a first-degree felony; two counts of Failure to Comply with a Police Officer's Order, violations of R.C. 2921.331(B), (C)(5) and (B), (C)(4), third and fourth-degree felonies; and two counts of kidnapping, violations of R.C. 2905.01(A)(2), second-degree felonies. The aggravated robbery

and both kidnapping charges contained firearm specifications. The alleged victims of the offenses were Third Base Drive Thru, its owner and one of its employees.

{¶ 6} The state and appellant entered into plea negotiations. Appellant pled no contest to the first-degree felony aggravated robbery charge, the third-degree felony failure to comply charge, and to one of the second-degree felony kidnapping charges. The state dismissed the remaining charges and all firearm specifications. The parties also agreed that the aggregate sentence would not exceed five years. Following a plea colloquy, the trial court accepted the no contest pleas, found appellant guilty and set sentencing for a later date.

{¶ 7} At sentencing, the trial court, after hearing from two of appellant's character witnesses and from appellant, reluctantly abided by the plea agreement and sentenced appellant to an aggregate sentence of four years. He received a three year sentence for the aggravated robbery conviction, a two year sentence for the kidnapping conviction and a one year sentence for the failure to comply conviction. The sentences for the aggravated robbery and kidnapping convictions were ordered to be served concurrent to each other but consecutive to the sentence for the failure to comply conviction. The trial court ordered appellant to pay costs and restitution. Restitution was ordered to be paid to Third Base Drive

Thru in the amount of $4,077. Also in rendering the sentence, the trial court stated:

{¶ 8} "The Court disapproves of the defendant's placement in a program of shock incarceration under Section 5120.031 of the Revised Code, or in the intensive program prison under Section 5120.032 of the Revised Code, and disapproves the transfer of the defendant to transitional control under Section 2967.26 of the Revised Code."

## FIRST ASSIGNMENT OF ERROR

{¶ 9} "THE TRIAL COURT ERRED IN DISAPPROVING TRANSITIONAL CONTROL."

{¶ 10} The trial court's indication of its disapproval of transitional control was stated in the termination entry. The trial court made no mention of transitional control at the sentencing hearing.

{¶ 11} This court has recently held that a termination entry cannot contain a provision that disapproves of transitional control. *State v. Howard,* 190 Ohio App.3d 734, 2010-Ohio-5283. In that case we provided the following analysis:

{¶ 12} "R.C. 2967.26(A)(1) states:

{¶ 13} "'Subject to disapproval by the sentencing judge, the adult parole authority may grant furloughs to trustworthy prisoners, other than those serving a prison term or term of life

imprisonment without parole imposed pursuant to section 2971.03 of the Revised Code or a sentence of imprisonment for life imposed for an offense committed on or after October 19, 1981, who are confined in any state correctional institution for the purpose of employment, vocational training, educational programs, or other programs designated by the director of rehabilitation and correction within this state.'

{¶ 14} "R.C. 2967.26(A)(2) requires the adult parole authority to give the trial court three weeks' notice of the pendency of a prisoner's intended furlough, and of the fact that the court may disapprove the furlough. Upon request of the adult parole authority, the head of the institution in which the prisoner is confined must give the trial court a report on the prisoner's conduct in the institution, any disciplinary action, and the prisoner's participation in school, vocational training, and other rehabilitative programs. After receiving the notice and report, the trial court must give the adult parole authority timely notice of its disapproval. Id.

{¶ 15} "Because the furlough recommendation does not occur until after a prisoner has been confined, the trial court's disapproval was premature." Id. at ¶41-44.

{¶ 16} Accordingly, based upon our prior decision, there is merit with this assignment of error.

## SECOND AND THIRD ASSIGNMENTS OF ERROR

{¶ 17} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ORDERED RESTITUTION IN AN AMOUNT THAT EXCEEDED VICTIM'S ACTUAL LOSS."

{¶ 18} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER OFFENDER'S PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF THE SANCTION OR FINE."

{¶ 19} The second and third assignments of error address the trial court's order of restitution and, as such, are addressed simultaneously.

{¶ 20} Our analysis will start with appellant's position that the trial court did not consider his ability to pay restitution prior to ordering it.

{¶ 21} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss. *

{¶ 22} * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose

restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount."

{¶ 23} R.C. 2929.19(B)(6) imposes a duty upon the trial court to "consider the offender's present or future ability to pay" before imposing any financial sanctions under R.C. 2929.18. *State v. Ratliff*, Clark App. No. 10-CA-61, 2011-Ohio-2313, ¶12, citing, *State v. Martin,* 140 Ohio App.3d 326, 338, 2000–Ohio–1942. The statute does not require a hearing and is devoid of any particular factors for the court to take into consideration in making its determination. Id. Case law indicates that ability to pay can be derived from consideration of a pre-sentence investigation report, which includes information about the defendant's age, health, education, and work history. Id. See, also, *State v. Miller*, Clark App. No. 08CA0090, 2010-Ohio-4760, ¶39. A finding that appellant is indigent for purposes of appointed counsel at the trial level does not shield him from paying a financial sanction. *Miller*, supra.

{¶ 24} In this case, the trial court clearly stated at the sentencing hearing that it considered the PSI and was incorporating it into the record. Tr. 46. The PSI indicates that appellant graduated from Dayton Technology and Design High School in 2009 and that he was attending Sinclair Community College at the time

of the commission of the offense.  The report indicates that he is in good physical and mental health. Although at the time of the offense appellant was unemployed and was being supported by his girlfriend, who was on public assistance, there is nothing in the report to suggest that appellant could not obtain a job after his incarceration and pay restitution.

{¶ 25} Consequently, the trial court did consider appellant's ability to pay.  Likewise, considering the information in the PSI, we cannot conclude that the trial court's implicit ruling that there was an ability to pay is incorrect.

{¶ 26} Our attention now shifts to whether the amount of restitution ordered was incorrect.  A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution.  *Ratliff*, supra, at ¶14.  At the sentencing hearing, appellant did not object to the restitution order.  Thus, he waives all but plain error.  Plain error does not exist unless it can be said that, but for the error, the outcome of the trial clearly would have been different.  *State v. Long* (1978), 53 Ohio St.2d 91.

{¶ 27} As previously indicated, R.C. 2929.18(A)(1) permits a trial court to order restitution.  However, "an order of restitution must be supported by competent, credible evidence in

the record. 'It is well settled that there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.' * * * 'Implicit in this principle is that the amount claimed must be established to a reasonable degree of certainty before restitution can be ordered.'" *State v. Cochran*, 2d Dist. No. 09CA0024, 2010-Ohio-3444, ¶17 (internal citations omitted).

{¶ 28} Here, the trial court ordered appellant to pay restitution to Third Base Drive Thru in the amount of $4,077. Attached to the PSI is a "Victim Input Request" form. This form was filled out by Tom Mauro, the owner of Third Base Drive Thru. The form states that the economic loss was $4,682. However, after the $1,000 deductible, his insurance company, Erie Insurance Group, paid him $3,682.

{¶ 29} We have previously stated that restitution may not exceed the victim's economic loss and therefore, the economic loss "must be reduced by any insurance payment received." *State v. Clayton,* Montgomery App. No. 22937, 2009-Ohio-7040, ¶56. This court has also stated that when a victim has already received payment from their insurance company an award of restitution paid by the offender to the victim would constitute impermissible double recovery. *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, ¶6-7.

{¶ 30} Based on the above case law, the trial court's order

of restitution permitted the victim to recover more than its

{¶ 31} economic loss. Thus, the record does not support the amount of the trial court's award of restitution; the trial court committed plain error in ordering restitution that allowed double recovery.

{¶ 32} Therefore, the second and third assignments of error have some merit. The trial court did properly consider appellant's ability to pay when ordering restitution. However, the amount of restitution ordered is incorrect. Given the evidence, the restitution award should be $1,000, the amount of the victim's insurance deductible.

## CONCLUSION

{¶ 33} In conclusion, the sentence is hereby affirmed in part, reversed in part and remanded. The trial court prematurely stated in its termination entry that transitional control was disapproved. Thus, that portion of the sentence is reversed and the matter is remanded with instructions to remove that language from the termination entry. As to the order of restitution, the trial court considered appellant's ability to pay prior to ordering restitution. Therefore, that portion of the judgment is affirmed. However, the amount of restitution ordered by the court allowed the victim double recovery. As such, the amount of restitution ordered is reversed and remanded. Upon remand the trial court

is instructed to lower the amount of restitution to $1,000, the amount of the victim's insurance deductible.

FAIN, J. And DONOVAN, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Johnna M. Shia, Esq.
Christopher W. Thompson, Esq.
Hon. Mary Katherine Huffman