[Cite as *State v. Isaacs*, 2017-Ohio-7637.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27414 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-3276 |
| | : | |
| JEREMIAH D. ISAACS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of September, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

PAMELA L. PINCHOT, Atty. Reg. No. 0071648, 345 North Main Street, Suite 2, Springboro, Ohio 45066
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Jeremiah Isaacs appeals from an order of the Montgomery County Court of Common Pleas requiring him to pay restitution in connection with his conviction and sentence for robbery and violating a protection order. Isaacs contends that the evidence does not support the amount of restitution awarded.

{¶ 2} For the reasons outlined below, the portion of Isaac's sentence ordering him to pay the victim restitution in the amount of $2,210.00 will be reversed and the restitution amount is modified to $1,210.00.

## I. Facts and Procedural History

{¶ 3} In October 2016, Mark Ballard contacted the Huber Heights Police Department to report that his vehicle had been stolen by Isaacs. Ballard also informed the police that Isaacs had physically assaulted him and had broken household items. Isaacs was later located with the stolen vehicle at the home of his ex-girlfriend. The girlfriend, who had not been home but was called to the scene, informed the police that she had a protection order against Isaacs. She further noted an item of her clothing, which had been in her home when she left the home, was in the stolen vehicle. The police also found methamphetamine in the vehicle.[1]

{¶ 4} After an investigation, Issacs was indicted on one count of robbery, (physical harm), one count of grand theft (motor vehicle), one count of burglary and one count of violation of a protection order while committing a felony. Following plea negotiations,

---

[1] Isaacs admitted he was using methamphetamine during the commission of the offenses.

Isaacs entered a guilty plea to robbery and violating a protection order. He also agreed to pay restitution on all the indicted counts.[2] In exchange, the remaining charges were dismissed, and the State agreed not to pursue any potential drug charges stemming from the matter.

{¶ 5} Isaacs was sentenced to a prison term of two years. A restitution hearing was conducted during which Ballard testified regarding the damages caused by Isaacs. Following the hearing, Isaacs was ordered to pay restitution to Ballard in the amount of $2,210.00.

{¶ 6} Isaacs appeals.

## II. Analysis

{¶ 7} Issac's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING RESTITUTION THAT DID NOT BEAR A REASONABLE RELATIONSHIP TO THE ACTUAL FINANCIAL LOSS SUFFERED BY THE VICTIM IN THIS CASE.

{¶ 8} Isaacs contends that the trial court abused its discretion with regard to the order of restitution.

{¶ 9} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a

---

[2] Isaacs claims he did not agree to pay restitution on all charged offenses. However, the plea form signed by both Isaacs and counsel specifically states otherwise.

presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."

{¶ 10} If contested, a trial court must conduct a restitution hearing. *State v. Colon*, 185 Ohio App.3d 671, 2010-Ohio-492, 925 N.E.2d 212 (2d Dist.). At a restitution hearing "the victim has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender." *State v. Olson*, 2d Dist. Montgomery No. 25452, 2013-Ohio-4403, ¶ 8, citing *State v. Johnson*, 164 Ohio App.3d 792, 2005–Ohio–6826, 844 N.E.2d 372 (2d Dist.), ¶ 72. The reliability of the evidence and the credibility of the witnesses is for the trial court, as trier of fact, to determine. *State v. Myles*, 2d Dist. Montgomery No. 25297, 2013–Ohio–2227, ¶ 21. "The evidence supporting a restitution order can be either documentary or testimonial evidence." *State v. Jones*, 10th Dist. Franklin No. 15AP-45, 2015-Ohio-3983, ¶ 14.

{¶ 11} "* * * [T]he proper standard of review for analyzing the imposition of restitution as a part of a felony sentence is whether it complies with R.C. 2953.08(G)(2)(b)* * *." *State v. Becraft*, 2d Dist. Clark No. 2016 CA 9, 2017-Ohio-1464, ¶ 18, citing *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6. This means that we may increase, reduce, or modify a restitution order if we find, by clear and convincing evidence, that the restitution order is contrary to law. *Id.*

{¶ 12} At the restitution hearing, Ballard testified that Isaacs assaulted him and "started tearing the hell out of [Ballard's home]." Ballard testified that Isaacs damaged the following items:

Golf clubs
JVC surround sound system
3 Xbox 360 gaming systems
2 end tables
Laptop computer
2 computer tablets
Recliner
Sectional sofa
Culligan water dispenser
Fireplace tools
Dining room chairs
5 interior doors
1 exterior door
Cell phone
Wire cables
Flat screen television
Key fob
AT&T UVerse Router
Dishes and glassware

{¶ 13} He also testified that when Isaacs stole his vehicle, it was returned with damage. Specifically, the rearview mirror and a piece of molding were torn off the car, and there was an unidentified substance on the seats that he was unable to remove. Ballard testified that he was unable to stay in his home for three nights during the effort to clean up the damage, and that the cost for his hotel stay was $70.00 per night.

{¶ 14} In reviewing Ballard's testimony, we note that he was not able to provide costs for all of the items listed above. However, he did provide sufficient testimony to establish the cost of most of the items. He also testified that his homeowner's insurance deductible is $1,032.00 Ballard provided no testimony regarding the cost for repairs to his car. He testified that he was able to repair the rearview mirror. He also testified that his automobile insurance deductible is $1,000.00.

{¶ 15} The trial court awarded restitution in the amount of $1,000.00 for the cost of the homeowner's insurance deductible, $1,000.00 for the cost of the automobile

insurance deductible and $210.00 for the cost of lodging.

{¶ 16} We cannot conclude by clear and convincing evidence that the restitution order regarding the household items, the fixtures, and the lodging costs is contrary to law. However, in light of the absence of testimony concerning the cost to repair or replace the seat fabric and the piece of molding, we conclude by clear and convincing evidence that the record does not support this portion of the restitution order, and, thus, the order is contrary to law.

{¶ 17} Accordingly, the sole assignment of error is sustained in part.

### III. Conclusion

{¶ 18} The sole assignment of error being sustained in part, the portion of Isaac's sentence ordering him to pay the victim restitution in the amount of $2,210.00 will be reversed and modified to a restitution order in the amount of $1,210.00. The judgment of the trial court is otherwise affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Pamela L. Pinchot
Hon. Michael W. Krumholtz