[Cite as *State v. Couch*, 2025-Ohio-1943.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2024-CA-55 |
| Appellee | : | |
| | : | Trial Court Case No. 2023CR0401 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| RAYMOND T. COUCH | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 30, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
_____
MICHAEL L. TUCKER, JUDGE

[[Applied Signature 2]]
_____
RONALD C. LEWIS, JUDGE

[[Applied Signature 3]]
_____
MARY K. HUFFMAN, JUDGE

**OPINION**
GREENE C.A. No. 2024-CA-55

JOHN A. FISCHER, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

TUCKER, J.

{¶ 1} Raymond T. Couch appeals from his convictions following guilty pleas to charges of burglary, attempted felonious assault, and child endangering.

{¶ 2} Couch contends the trial court erred in not finding that he had rebutted a statutory presumption of a prison sentence for burglary. He also claims the trial court committed plain error in accepting the State's restitution figure without supporting evidence.

{¶ 3} We see no error in the trial court's imposition of a prison sentence for burglary. We also conclude that the trial court's order for Couch to pay restitution of $8,209.10 without record evidence supporting that figure did not create a manifest miscarriage of justice warranting plain-error relief under Crim.R. 52(B). Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} A grand jury charged Couch with aggravated burglary, attempted felonious assault, two counts of criminal damaging, theft, and child endangering. The charges stemmed from allegations that he had assaulted the victim in her home's garage. The victim alleged that he had punched her in the face, repeatedly kicked her, and shoved her head onto the concrete floor. After being found competent to stand trial, Couch entered into a plea agreement. He agreed to plead guilty to burglary, attempted felonious assault, and child endangering. He also agreed to pay restitution on all counts in the indictment. In exchange,

the State agreed to dismiss the other charges and to recommend an indefinite prison term of six to nine years. The trial court accepted the agreement and made a finding of guilt.

{¶ 5} At sentencing, Couch and defense counsel both attributed his crimes to mental-health struggles, including a bi-polar diagnosis, and being off of his medications at the time. They asserted that Couch had begun counseling and had started taking his medications as prescribed. Couch also expressed remorse for his actions and requested community-control sanctions. In response, the prosecutor adhered to the sentencing recommendation in the plea agreement. The prosecutor also requested restitution of $8,209.10 for damage allegedly caused by Couch's action, including damage to the victim's phone, her Ring security camera, and her vehicle. The prosecutor also sought restitution of $7,611.60 for the victim's lost wages. The prosecutor asserted that Couch had injured the victim, rendering her unable to work for a time.

{¶ 6} After reviewing the record, including a presentence-investigation report and a victim-impact statement, the trial court imposed a prison term of six to nine years for burglary, a concurrent three-year term for attempted felonious assault, and a concurrent six-month term for child endangering. The trial court also ordered Couch to pay $8,209.10 in restitution. Couch appealed, advancing two assignments of error.

## II. Analysis

{¶ 7} The first assignment of error states:

**The Trial Court Erred by Failing to Find that the Presumption of Prison Had Been Rebutted.**

{¶ 8} Couch contends the trial court should have relied on his bi-polar diagnosis, his mismanagement of his medications, and his remorse to find that a statutory presumption of a prison term for burglary had been rebutted. He asks us to make that finding and to vacate

his prison sentence for burglary.

{¶ 9} Upon review, we find Couch's argument to be without merit. For purposes of his burglary conviction, a statutory presumption existed that a prison term was "necessary in order to comply with the purposes and principles of sentencing[.]" R.C. 2929.13(D)(1). The trial court was permitted to impose community control rather than a prison term only if it made both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

R.C. 2929.13(D)(2)(a) and (b).

{¶ 10} In Couch's case, the trial court made neither finding. The trial court indicated that it had considered the purposes of felony sentencing under R.C. 2929.11. It also stated that it had balanced the seriousness and recidivism factors under R.C. 2929.12 and that it had considered "the need for deterrence, incapacitation, rehabilitation, and restitution."

Based on its consideration of R.C. 2929.11 and R.C. 2929.12, the trial court found Couch "not amenable to an available community control sanction." It then imposed a six-to-nine-year indefinite prison term, which was within the authorized statutory range.

{¶ 11} When reviewing a felony sentence, we apply the standard found in R.C. 2953.08(G). *State v. Marcum*, 2016-Ohio-1002, ¶ 7. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the trial court's findings under certain enumerated statutes or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9.

{¶ 12} Notably, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. "When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.). Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 13} Here the trial court's decision to follow the statutory presumption of a prison term for burglary did not require any findings. Under R.C. 2929.13(D)(2), specific findings are required only where a trial court decides *not* to impose a prison term for an offense that carries a presumption of prison. *State v. Jones*, 2022-Ohio-3349, ¶ 8-9 (2d Dist.). In finding

a prison term appropriate in Couch's case, the trial court simply considered the purposes of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Couch's argument about rebutting the statutory presumption of prison necessarily challenges the trial court's evaluation of the considerations in R.C. 2929.11 and R.C. 2929.12. But "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 10, quoting *State v. Jones*, 2020-Ohio-6729, at ¶ 42.

{¶ 14} Because Couch's prison sentence for burglary did not require the trial court to make any findings under the statutes identified in R.C. 2953.08(G)(2), the only question is whether the sentence was contrary to law. *State v. Wells*, 2024-Ohio-4813, ¶ 46 (2d Dist.). Couch's sentence was not contrary to law, however, because it was within the authorized statutory range and the trial court considered R.C. 2929.11 and R.C. 2929.12. That being so, we cannot vacate the sentence for the imposition of a community-control sanction. The first assignment of error is overruled.

{¶ 15} The second assignment of error states:

**The Trial Court Erred by Accepting the State's Asserted Restitution Amount.**

{¶ 16} Couch challenges the trial court's order requiring him to pay $8,209.10 in restitution. Although he agreed to restitution as part of his negotiated guilty plea, he claims the trial court erred in adopting the State's restitution figure without supporting evidence.

{¶ 17} At sentencing, the prosecutor sought restitution in the above-referenced amount, but no documentary or testimonial evidence accompanied the request. Couch's presentence-investigation report did not address restitution beyond a recommendation for it

in an amount to be determined by the prosecutor. A victim-impact statement likewise did not address restitution.

{¶ 18} Under R.C. 2929.18(A)(1), the trial court was authorized to order restitution in the amount of the victim's economic loss. The statute provides in part:

> At sentencing, the court shall determine the amount of restitution to be made by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. . . . The court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount. The court shall determine the amount of full restitution by a preponderance of the evidence.

{¶ 19} We review restitution orders under the standard found in R.C. 2953.08(G)(2). *State v. Isaacs*, 2017-Ohio-7637, ¶ 11 (2d Dist.). This means we cannot modify or vacate a restitution order unless we clearly and convincingly find that the record does not support findings under certain enumerated statutes or that the order is otherwise contrary to law. Restitution orders, however, do not fit under any of the statutes identified in R.C. 2953.058(G)(2)(a). Therefore, we cannot disturb the trial court's restitution order unless we clearly and convincingly find it contrary to law. An order is contrary to law if it violates a statute or other legal rule. *State v. Bryant*, 2022-Ohio-1878, ¶ 22.

{¶ 20} Our review is further limited by Couch's failure to object when the trial court ordered restitution. "A defendant who does not dispute an amount of restitution, request a

hearing, or otherwise object waives all but plain error in regards to the order of restitution." (Citation omitted.) *State v. Twitty*, 2011-Ohio-4725, ¶ 26 (2d Dist.). Couch did not challenge the State's asserted restitution figure. Nor did he request a hearing or otherwise object to the restitution order at sentencing. Therefore, we are limited to plain-error review

{¶ 21} Under Crim.R. 52(B), we have "discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Couch bears the burden to establish plain error on the record. *Id.* To do so, he must demonstrate an error that constituted an "obvious defect in the trial proceedings." *Id.* He also must establish that the obvious error "affected substantial rights." *Id.* In other words, he must "demonstrate a reasonable probability that the error resulted in prejudice." *Id.* Finally, "even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it[.]" *Id.* at ¶ 23. We should notice plain error under "exceptional circumstances" and only "to prevent a manifest miscarriage of justice." *Id.*

{¶ 22} Here Couch asserts that the trial court's restitution order is contrary to law because the record lacks evidence of the victim's economic loss. His argument implicates R.C. 2929.18(A)(1), which limits restitution to the victim's economic loss. As a practical matter, however, we do not know whether the trial court violated R.C. 2929.18(A)(1). Its order for Couch to pay precisely $8,209.10 for damage to the victim's personal property presumably had some basis in fact. On appeal, Couch, who bears the burden of demonstrating plain error, does not cite any record evidence establishing that the victim's economic loss was not $8,209.10. If he had objected to the restitution order below, the prosecutor likely would have introduced documentary or testimonial evidence confirming the

$8,209.10 figure.

{¶ 23} In any event, restitution orders also have due-process implications. "For due process reasons, the amount of restitution must bear a reasonable relationship to the loss suffered." *State v. Bender*, 2005-Ohio-919, ¶ 10 (2d Dist.). "Accordingly, to ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution[.]" *Id.* We previously have found plain error where a trial court orders restitution without record evidence establishing the victim's economic loss. *See, e.g., State v. LeGrant*, 2014-Ohio-5803, ¶ 11 (2d Dist.) (reasoning that "the lack of credible, competent evidence of [a victim's] actual losses is an obvious defect in the record [that affects] the ultimate outcome"); *State v. Knox*, 2015-Ohio-4198, ¶ 14 (2d Dist.) ("In the case before us, the court relied on the PSI report, which does not contain sufficient information from which the court could determine, within any degree of certainty, the amount lost by the victim identified in Counts 3 and 5. The lack of credible, competent evidence of this victim's actual losses is an obvious defect in the record, and affected the ultimate outcome.").

{¶ 24} Notwithstanding the foregoing authority, we question whether ordering restitution absent record evidence of the victim's economic loss necessarily meets the last requirement of the plain-error test. The trial court obviously erred by ordering Couch to pay restitution of $8,209.10 without requiring the State to present evidence of the victim's economic loss. Whether that error was prejudicial, however, depends on whether the State possessed evidence establishing economic loss of $8,209.10. If we were to remand the case, the State likely would present evidence supporting the $8,209.10 figure, and the existing restitution order would remain intact. This may be why Couch did not object when the trial court imposed the order.

{¶ 25} To establish plain error, Couch bears the burden to show a "reasonable

probability" that the restitution order prejudiced him. We question whether he has done so. Nevertheless, based on the case law cited above, we are constrained to conclude that the trial court violated due process and committed plain error by ordering Couch to pay restitution in the absence of record evidence establishing the victim's economic loss. It follows that an order entered in violation of due process is contrary to law under R.C. 2953.08(G)(2).

{¶ 26} Despite the foregoing conclusion, we decline to reverse the restitution order. As noted above, correcting plain error is discretionary. Appellate courts should reverse a judgment based on plain error only in exceptional cases to correct a manifest miscarriage of justice. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). We see no miscarriage of justice here. As part of his negotiated plea, Couch agreed to pay restitution. At sentencing, the State sought restitution for the victim's lost wages and for damage to her personal property, including her car, her cell phone, and a Ring security camera. The trial court only ordered restitution for the personal property, requiring Couch to pay $8,209.10. Although the State failed to substantiate that figure with evidence, Couch did not object. If he had done so, the State likely could have remedied its omission by presenting documentary or testimonial evidence establishing the victim's economic loss. Under these circumstances, we cannot say the trial court's restitution order created a manifest miscarriage of justice. Consequently, we decline to exercise our discretion under Crim.R. 52(B) to notice plain error. The second assignment of error is overruled.

### III. Conclusion

{¶ 27} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.