[Cite as *State v. Fogle*, 2026-Ohio-755.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. Nos. 30521, 30522, 30523 |
| Appellee | : | |
| | : | Trial Court Case Nos. CRB 2500293 A; |
| v. | : | CRB 2500439; CRB 2500278 |
| | : | |
| ELLEN FOGLE | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on March 6, 2026, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

MONTGOMERY C.A. Nos. 30521, 30522, 30523

GARY C. SCHAENGOLD, Attorney for Appellant
ERIK R. BLAINE, Attorney for Appellee

TUCKER, J.

{¶ 1} Ellen Fogle appeals from her convictions in Vandalia Municipal Court following guilty pleas in three related misdemeanor cases.

{¶ 2} In Montgomery C.A. No. 30521, Fogle appeals from the judgment convicting her of three counts of failure to obtain liability insurance for a dangerous dog. In Montgomery C.A. No. 30522, she appeals from the judgment convicting her of one count of failure to obtain a dangerous-dog registration certificate. In Montgomery C.A. No. 30523, she appeals from the judgment convicting her of one count of permitting a dog to run at large.

{¶ 3} Although Fogle filed a notice of appeal in each case and we consolidated the appeals, her only assignment of error challenges the judgment on appeal in Montgomery C.A. No. 30523. She contends the trial court committed plain error by ordering restitution without evidence that the victim suffered any economic loss.

{¶ 4} We conclude that information contained in a presentence investigation report adequately supported the restitution order. Accordingly, we affirm the judgment on appeal in Montgomery C.A. No. 30523. We also affirm the judgments on appeal in Montgomery C.A. Nos. 30521 and 30522 because Fogle has not assigned any error in those cases.

**I. Background**

{¶ 5} The above-referenced charges stemmed from Fogle's seven pit bulls escaping her property and roaming her neighborhood. One of the dogs attacked a neighbor's dog and bit the neighbor. Fogle pled guilty to all charges in the three cases, and the trial court

sentenced her accordingly. On appeal, she challenges only her sentence relating to the offense of permitting a dog to run at large which required her to pay the victim restitution of $265.92.

## II. Analysis

{¶ 6} Fogle's sole assignment of error states:

**THE COURT ERRED WHEN IT REQUIRED MS. FOGLE TO PAY RESTITUTION BECAUSE THERE WAS NO CREDIBLE EVIDENCE THAT ANY ECONOMIC LOSS WAS SUFFERED.**

{¶ 7} Fogle concedes that plain-error review applies because she did not contest the amount of restitution below. She also does not dispute that restitution may be based on a victim's request or information found in a presentence investigation report. She nevertheless contends the trial court plainly erred by ordering restitution absent any testimony or documentary evidence such as medical bills or veterinary bills establishing the victim's economic loss. She also asserts that restitution was improper because the presentence investigation report failed to explain how the amount was calculated.

{¶ 8} Under R.C. 2929.28(A)(1), the trial court was authorized to order restitution in the amount of the victim's economic loss. As Fogle acknowledges, our review is limited by her failure to object when the trial court ordered restitution. "A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error." (Citation omitted.) *State v. Twitty*, 2011-Ohio-4725, ¶ 26 (2d Dist.). Fogle did not challenge the restitution at issue. Nor did she request a hearing or object to the restitution order at sentencing. Therefore, we are limited to plain-error review.

{¶ 9} Under Crim.R. 52(B), we have "discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet [her] obligation to

3

bring those errors to the attention of the trial court." *State v. Rogers*, 2015-Ohio-2459, ¶ 22. Fogle asserts plain error on the grounds that the record lacked evidence of the victim's economic loss.

{¶ 10} Upon review, we find Fogle's assignment of error to be unpersuasive. "[T]o ensure a lawful award, there must be competent, credible evidence in the record to support the trial court's order of restitution 'to a reasonable degree of certainty.'" *State v. Bender*, 2005-Ohio-919, ¶ 10 (2d Dist.), quoting *State v. Hooks*, 135 Ohio App.3d 746,749 (10th Dist. 2000). "The amount of restitution requested should, if necessary, be substantiated through documentary or testimonial evidence." *Id*. at ¶ 10. We have found plain error where a presentence investigation report lacked sufficient information to determine the victim's economic loss with any certainty. *See State v. Knox*, 2015-Ohio-4198, ¶ 14 (2d Dist.).

{¶ 11} Here the presentence investigation report contained a written report from an animal control officer who investigated the incident. The report noted that the victim's dog had injuries "to the lower portion of his body around the stomach genital area." The report also stated that the victim "took his dog to the vet before seeking medical attention for himself." A responding police officer likewise noted the victim's statement that he "needed to get his dog to the vet." Finally, the presentence investigation report contained a reference to the victim's medical bill being $104.67 and his dog's veterinary bill being $161.25.

{¶ 12} Although the amount of restitution was not confirmed through the presentation of testimony or the admission of actual bills, the record was sufficient for the trial court to determine that the victim's economic loss totaled $265.92. But even if we believed otherwise, we would decline to reverse based on plain error. Correcting plain error is discretionary, and we will reverse a judgment based on plain error only to correct a manifest miscarriage of justice. *State v. Couch*, 2025-Ohio-1943, ¶ 26 (2d Dist.).

4

**{¶ 13}** Here the amount of restitution ordered for the victim's medical treatment and his dog's veterinary care was modest. If Fogle had objected to the lack of testimony or documentary evidence supporting the notably precise $265.92 figure, the omission likely could have been cured with evidence confirming the victim's economic loss. Under similar circumstances in *Couch*, we declined to find that a restitution order created a manifest miscarriage of justice. We would reach the same conclusion here assuming, arguendo, that the record lacked sufficient information to support the award. For the foregoing reasons, we overrule Fogle's assignment of error.

### III. Conclusion

**{¶ 14}** The judgments on appeal in Montgomery C.A. Nos. 30521, 30522, and 30523 are affirmed.

. . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

5